Filed 1/23/24  P. v. Mora CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOE MORA,<br><br>    Defendant and Appellant. | D082338<br><br><br><br>(Super. Ct. No. SCD251068) |

APPEAL from an order of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

Joe Mora, in pro. per.; and Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, a jury convicted Joe Mora of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury found true an allegation Mora personally discharged a firearm causing death or great bodily injury and that the killing was committed during the attempt to commit a burglary or robbery.  The

---

1      All further statutory references are to the Penal Code.

court sentenced Mora to life in prison without the possibility of parole for murder with a consecutive term of 25 years-to-life for the firearm enhancement.

Mora appealed and this court affirmed the judgment. (*People v. Mora* (Dec. 14, 2016, D069066) [nonpub. opn.].)

In 2022, Mora filed a petition for resentencing pursuant to section 1172.6.

The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court denied Mora's petition by written order. The court found Mora failed to state a prima facie case for relief based on its review of the record of conviction. The court found Mora was the actual perpetrator of the killing. Mora was the only person charged and was tried as the actual shooter. Accordingly, the court found Mora was ineligible for relief under section 1172.6 as a matter of law. The petition was denied without issuing an order to show cause or conducting an evidentiary hearing.

Mora filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error consistent with the practice under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Mora of his right to file his own brief on appeal. He has responded by filing a one page letter requesting the court to consider evidence of alibi which was not presented in the trial. Mora's brief does not discuss any issues relating to the denial of his petition for resentencing.

The facts of the offense were discussed in our prior opinion. We will not repeat that discussion here.

2

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to independently review the record for error. To assist the court in making such review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the court erred in referring to the jury verdict on the alleged special circumstances of murder during the commission or attempted commission of a robbery and a burglary.

We have exercised our discretion to independently review the record for error as required by *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Mora on this appeal.

## DISPOSITION

The order denying Mora's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

KELETY, J.

3